PUTNAM RANCHES, INC., APPELLEE, v. JAMES M. CORKLE, APPELLANT.

203 N. W. 2d 502

Filed January 19, 1973. No. 38560.

534

Charles Rick Johnson and Rodney J. Palmer, for appellant.

William W. Griffin and Dudley R. Herman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Putnam Ranches Incorporated brought replevin for possession of 30 Holstein milk cows that its assignor had purchased from defendant, James M. Corkle. At the close of all the evidence a verdict for Putnam Ranches was directed. Corkle appeals. He asserts that as a matter of law the district court ought to have ordered return of the replevied cows to him and in addition submitted the issue of his damage to the jury. Constitutionality of the replevin statutes is neither raised nor considered.

Corkle and L. D. Putnam testified to different versions of their agreement. Both men conceded the following facts. In the negotiations they looked at two Corkle herds with which Corkle had intermingled Holstein cows. Corkle was to choose the specific cows which were to be culls. Of the cows chosen some had brands and some had ear tags, but no evidence specifically identified them by brand, ear tags, or other datum.

According to Corkle, he transported the 30 cows to his corrals near O'Neill for delivery to Putnam. He was corroborated by his daughter-in-law. On the morning of September 9, 1967, and after payment of the price, $5,700, Putnam telephoned Corkle's daughter-in-law that he would pick up the cattle in the pen. That afternoon someone other than Dan or Bill Putnam picked up the cattle. L. D. Putnam denied that he or any one for him or his family partnership picked up the cows until the replevin.

Putnam testified he was to leave the cows in possession of Corkle until a problem concerning Bang's

disease in Corkle's herds was removed. Putnam was to receive part of the calf crop which the parties agreed would be 12 steer calves a year. He never received any of the crop, although on several occasions he asked Corkle about delivery of the cows and the steer calves.

The transaction was evidenced by a form bill of sale that on September 9, 1967, transferred the property in 30 Holstein cows, age 3, to L. D. Putnam and Sons. The bill set out the date and the fact of delivery but no brand, mark, or other specific description of a cow.

Over 3 years after the transaction, a dispersion sale of farm equipment, dairy cattle, and other livestock was advertised to be held by Corkle November 18, 1970. At the beginning of the cattle sale, the sheriff executed an order of replevin in this action by seizing 30 cows. The cows bore the registered brands of Corkle or his son and daughter-in-law. Putnam could not show a right to those specific cows.

Courts are to construe and apply the Uniform Commercial Code liberally to promote its underlying purposes and policies. See § 1-102(1), U. C. C. The remedy of replevin is not available to a buyer of goods that have not been identified to the contract. See § 2-716(3), U. C. C.

Plaintiff in a replevin action has the burden of producing evidence and persuading the jury. He must recover on the strength of his right to the property and not upon the weakness of the interest of the defendant. First Nat. Bank v. Provident Finance Co., 176 Neb. 45, 125 N. W. 2d 78 (1963).

Without the Putnam version of the transaction the evidence was insufficient to support a finding that he had not taken possession of the cows on September 9, 1967. The telephone conversation between Corkle's daughter-in-law and Putnam, the removal of the cattle after the conversation, and the failure of Putnam to complain of nondelivery until 1970 conclude the question.

A jury might reasonably believe Putnam's version of the agreement. In that event, however, replevin would not be available, for the evidence was insufficient to support a finding that any cow had been identified to the contract.

The judgment is reversed and the cause remanded with directions to order return of the replevied cows to Corkle and for a determination of damage. See § 25-10,104, R. R. S. 1943.

REVERSED AND REMANDED WITH DIRECTIONS.